UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES C. HILLIARD, | Case No. 1:21-cv-00370-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MURPHY LAND COMPANY, LLC, an Idaho Limited Liability Company, | |
| Defendant. | |

**INTRODUCTION**

James Hilliard brought this breach of contract action against Murphy Land Company, LLC, alleging that Murphy Land breached an option to purchase real property and seeking $15,000,000 in damages. In May 2018, Hilliard filed a complaint for declaratory relief against Murphy Land seeking a declaration that Hilliard properly exercised this same option to purchase real property. This Court dismissed Hilliard's earlier lawsuit, United States District Court for the District of Idaho Case Number 1:18-cv-00232-DCN, with prejudice after Murphy Land prevailed on summary judgment on mootness grounds. *Memorandum Decision and Order*, Dkt. 32. The Court further denied Hilliard leave to amend his complaint to

add a breach of contract claim seeking monetary damages – exactly the claim he now alleges in this lawsuit.

Murphy Land now moves to dismiss the current lawsuit on *res judicata* grounds (Dkt. 7). Murphy Land also moves for sanctions (Dkt. 10). For the reasons set forth below, the Court will grant Murphy Land's motion to dismiss but will deny its motion for sanctions.

## BACKGROUND

Hilliard had an option buy Crystal Hills Farm from Murphy Land, but Murphy Land sold the property to someone else when the option expired. Hilliard then sued, seeking a declaration that he exercised his option in time. This Court granted summary judgment in favor of Murphy Land, finding that the case was moot because the property had been sold, and ownership could not be transferred from Murphy Land since it no longer owned it. *Hilliard v. Murphy Land Co., LLC, No*. 1:18-CV-00232-DCN, 2019 WL 6702410, at *5 (D. Idaho Dec. 9, 2019), *aff'd*, 835 F. App'x 292 (9th Cir. 2021) (*Hilliard I*). Hilliard tried to save his claim from mootness, arguing for the first time in his response to summary judgment that he sought "ancillary" or monetary damages related to his claims. *Id.* at *4. This Court, however, refused to "read a breach of contract damage claim into Hilliard's 'Complaint for Declaratory Relief.'" *Id.*

This Court further concluded that, if Hilliard moved to amend to add a breach of contract claim after resolution of the summary judgment motion, the motion would fail. *Id.* at *7. First, the Court noted that Federal Rule of Civil Procedure 16's good cause standard, rather than the "liberal amendment policy" of Rule 15, governed leave to amend. *Id.* As the Court explained, "[t]he central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *Id.* (quoting *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Applying this standard, the Court found Hilliard, who had both constructive and actual notice before discovery closed that the relief he was seeking was moot, found that Hilliard was not diligent in seeking leave to amend his complaint and therefore could not satisfy Rule 16's good cause standard. *Id*. In fact, the Court observed, Hilliard had at least constructive notice that Murphy Land had sold the property *prior* to filing his complaint in May 2018 and therefore could have asserted his breach of contract claim at the inception of the lawsuit had he been sufficiently diligent. *Id.*

Hilliard appealed the decision to the Ninth Circuit, arguing that the case would not have become moot if had been permitted to amend his complaint – although, in fact, Hilliard did not seek to amend his complaint. The error, Hilliard argued, was "that the district court did not *sua sponte* construe parts of his summary judgment brief as a motion to amend." *Hilliard v. Murphy Land Co.*,

LLC, 835 F. App'x 292, 293 (9th Cir. 2021). The Ninth Circuit rejected this argument out-of-hand: "The problem is that at the summary judgment hearing, Hilliard told the district court that he was not moving to amend his complaint and that he would do so only after resolution of the motion. Understandably, the district did not treat his brief as a motion to amend." *Id.*

The Ninth Circuit also affirmed this Court's decision denying Hilliard leave to amend his Complaint in the event Hilliard filed such a motion after resolution the summary judgment motion. It found this Court "did not abuse its discretion in finding that Hilliard was not diligent, because he did not timely move to amend even though he had 'both constructive and actual notice before discovery closed that the relief he was seeking was moot.'" *Id.* at 294. In reaching this conclusion, the Ninth Circuit noted that Hilliard's claim that he did not have constructive notice made no difference because it was undisputed that Hilliard had actual notice of the sale. "Indeed, despite having notice of the sale since Murphy Land's Answer a month into the litigation, Hilliard did not timely move to amend, did not move to extend the deadline to amend, and did not move for a continuance of the summary judgment motions in order to assert new claims." *Id.*

After the Ninth Circuit affirmed this Court's decision in this earlier lawsuit, Hilliard filed the current lawsuit. In the current lawsuit, Hilliard asserts a breach of contract claim seeking damages "in excess of $15,000,000" against Murphy Land

for its alleged breach of Hilliard's option to purchase Crystal Hills Farm from Murphy Land. *Compl.*, Dkt. 1. Hilliard's Complaint in this current lawsuit is nearly identical to his complaint in the earlier lawsuit except for the remedy sought.

## ANALYSIS

### 1.  Motion to Dismiss

Murphy Land argues that the doctrine of res judicata precludes Hilliard from pursuing claims in this lawsuit that he pursued—or *could have* pursued—in his earlier lawsuit. The Court agrees.

Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or *could have* been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010) (emphasis added). Claim preclusion applies when three elements are met: "1) an identity of claims; 2) a final judgment on the merits; and 3) identity or privity between the parties." W. *Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Blonder-Tongue Lab. v. University of Ill. Found.*, 402 U.S. 313, 323-24 (1971)). Once res judicata is determined to apply, the merits of the case need not be examined. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401 (1981) ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.").

Hilliard does not contest the first and third elements but disputes that the court in the earlier lawsuit reached a final judgment on the merits because the earlier lawsuit was dismissed as moot, which is not an adjudication on the merits. Hilliard correctly states the law on this point: "A federal court lacks jurisdiction to hear a case that is moot." *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1155 (9th Cir. 2017). For this reason, courts have held that an earlier lawsuit dismissed as moot does not have a preclusive effect for purposes of res judicata. *See, e.g., Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009).

But this argument ignores the fact that Hilliard could have and, in fact, should have brought his breach of contract claim in his earlier lawsuit, and his case would not have been moot. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005) ("Different theories supporting the same claim for relief must be brought in the initial action.") (citation omitted). In fact, Hilliard belatedly tried to assert such a claim to save his complaint from mootness but was denied leave to amend for his lack of diligence. In other words, nothing – other than Hilliard's dilatoriness – prevented him from bringing his current breach of contract claim in his prior lawsuit. Under these circumstances, the denial of leave to amend to add non-moot claims in Hilliard's earlier lawsuit operated as a final judgment on the merits with res judicata effect.

In some circumstances, "[e]ven without a determination which is literally on the merits, a denial [of leave to amend] with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 593 (9th Cir. 1985). In such circumstances when res judicata bars a later lawsuit after denial of leave to amend with prejudice, "the bar is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000); *see also Mpoyo*, 430 F.3d at 988. In this sense, the decision denying leave to amend with prejudice merely serves as "a proxy to signify at what point claims have been forfeited due to a plaintiff's failure to pursue all claims against a particular defendant in one suit." *Id.*

Here, the Ninth Circuit's decision affirming this Court's decision denying Hilliard leave to amend *with* prejudice signified the point Hilliard forfeited the breach of contract claim he seeks to bring in this lawsuit. Hilliard was required to bring this breach of contract claim in his earlier suit and did not. Hilliard's new lawsuit is therefore barred under normal principles of res judicata. He cannot now attempt to end-run the decision denying him leave to amend and revive his forfeited claims simply by filing a new lawsuit. Furthermore, Hilliard can claim no unfairness here when he had every opportunity to bring his breach of contract claim in his initial lawsuit, but, for whatever reason, he failed to do so.

To hold otherwise would undermine the principles of res judicata and would result in perverse incentives for plaintiffs. The Ninth Circuit aptly explained this in *Mpoyo*, in which the plaintiff sought to bring new claims in a later lawsuit that he could have – and should have – brought in an earlier lawsuit but did not after his belated attempt to amend his complaint was denied: "Res judicata "relieves parties of the costs and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication. Permitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication. Denial of leave to amend in a prior action based on dilatoriness does not prevent application of res judicata in a subsequent action." 430 F.3d at 988 (internal quotation marks, citations, and brackets omitted).

The Court finds this principle holds true in this case even though Hilliard's original complaint was dismissed for mootness. The dismissal of Hilliard's declaratory relief claim on mootness grounds did not deprive the Court of jurisdiction to deny Hilliard leave to amend and dismiss his case – including any claims that would have been allowed with a timely-filed amendment – with prejudice. As the Ninth Circuit has made clear, even if one claim in the case is moot, this does not necessarily moot claims for monetary damages, and the court retains full jurisdiction over the non-moot damages claim. *See e.g., Wilson v. State of Nev.*, 666 F.2d 378, 380 (9th Cir. 1982) ("... a plaintiff's claims as to money

damages survive regardless of the mootness of any claim for declaratory or injunctive relief . . ."); *compare Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1165 (9th Cir. 2016) ("Here, the court's non-merits ruling was for lack of personal jurisdiction, depriving the court of the authority to rule on the merits."). Thus, although the Court had no authority to decide Hilliard's declaratory relief claim on justiciability grounds, the Court retained full authority to decide any non-moot claims, including the authority to bar such claims as not timely asserted. *Id.*

As both this Court and the Ninth Circuit had jurisdiction to deny Hilliard leave to amend to add non-moot damages claims, and this denial with prejudice served as a final judgment on the merits in the circumstances of this case, res judicata applies to bar Hilliard's current complaint for breach of contract against Murphy Land.

## 2. Motion for Sanctions

Murphy Land also seeks sanctions against Hilliard, arguing that Hilliard's current lawsuit is frivolous under existing res judicata law and was filed for the improper purpose of harassing Murphy Land. Rule 11(b) of the Federal Rules of Civil Procedure provides that an attorney who signs and files a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the matter "is not being presented for any improper purpose" and that "the claims, defenses, and other legal

contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).

The Court disagrees that Hilliard's lawsuit is frivolous under existing res judicata law. Many courts have found that a dismissal of a complaint as moot has no preclusive effect, which Hilliard cited in its response to Murphy Land's motion to dismiss. While the Court ultimately disagreed with Hilliard's argument and granted Murphy Land's motion to dismiss, it was not an easy or clear-cut decision. The Court therefore will deny Murphy Land's request for sanctions.

## ORDER

### IT IS ORDERED that:

1.      Defendant's Motion to Dismiss (Dkt. 7) is **GRANTED**.

2.      Defendant's Motion for Sanctions (Dkt. 10) is **DENIED**.

DATED: February 4, 2022

B. Lynn Winmill
U.S. District Court Judge