A`UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES C. HILLIARD,<br><br>Plaintiff,<br><br>v.<br><br>MURPHY LAND COMPANY, LLC, an Idaho Limited Liability Company,<br><br>Defendant. | Case No. 1:21-cv-00370-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On February 4, 2022, the Court issued its Memorandum Decision and Order granting Defendant Murphy Land Company's LLC's motion to dismiss Plaintiff James C. Hilliard's Complaint, and on February 8, 2022, the Court entered Judgment in favor of Murphy Land and against Hilliard. Now pending before the Court is Defendant Murphy Land's Motion for an Award of Attorneys Fees (Dkt. 23). For the reasons set forth below, the Court will grant Hilliard's Motion in part and deny it in part.

# LEGAL STANDARD

1. **Attorney Fee Award to Prevailing Party**

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *Interform Co. v. Mitchell*,

575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law). Hilliard requests attorney fees pursuant to Idaho Code § 12–120(3). Idaho Code § 12–120(3) provides that the prevailing party "shall be allowed" an award of reasonable attorney fees in any civil action to recover on ... "any commercial transaction." The statute defines the term "commercial transaction" to mean "all transactions except transactions for personal or household purposes." I.C. § 12–120(3) (1998). "Under Idaho Code § 12–120(3), an award of attorney fees is appropriate where 'the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.'" *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594 (Idaho 2007) (citing *Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990)). In addition, under Idaho law, a contractual fee-shifting provision serves as an independent basis for a court to award a prevailing party its incurred reasonable attorney's fees separate from Idaho Code Section 12-120(3). *See e.g. Tricore Investments, LLC v. Est. of Warren through Warren*, 485 P.3d 92, 122-123 (Idaho 2021).

2. **Calculation of Attorney Fees**

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). See Fischer v. SJB.P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. "A district court should exclude from the lodestar amount hours that are not reasonably

expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434) (quotation marks omitted). The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, ... (4) the results obtained, and (5) the contingent nature of the fee agreement". *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir.1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated ... is a disfavored calculation") (citations and quotation marks omitted).

Once calculated, the lodestar amount is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *see also Fischer v. SJB–P.D., Inc.,* 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases). Therefore, "a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Morales,* 96 F.3d at 364 n. 9 (citations omitted).

"The fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district

MEMORANDUM DECISION AND ORDER - 3

court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in submitted affidavits." *Id.* at 1397–98.

## ANALYSIS

As the prevailing party in this litigation, Murphy Land seeks $30,505 in fees for 119 hours to brief his motion to dismiss on res judicata grounds and for seeking sanctions against Hilliard. Hilliard does not dispute that is Murphy Land the prevailing party and entitled to fees, or that Murphy Land's counsel charged reasonable hourly rates. Instead, Hilliard only contests the reasonableness of the hours spent by Murphy Land in seeking to obtain sanctions and to dismiss this case and asks the Court to reduce the amount of fees requested by $16,192.50.

### 1. Entitlement to Fees for Motion for Sanctions

Hilliard argues that the Court should deny a fee award for any time Murphy Land spent on drafting the Rule 11 letter and the motion for sanctions considering that Murphy Land lost the motion for sanctions.

When a party, as Murphy Land has done here, has ultimately prevailed in an entire case, the Court may award all reasonable fees incurred by the prevailing party, including reasonable fees incurred on unsuccessful arguments and motions. *See. e.g., Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("We hold, instead, that a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."). *see also Latta v. Otter*, 1:13-CV-00482-CWD, 2014 WL 7245631, at *6-*7 (D. Idaho Dec. 19,

2014) (prevailing party's time incurred unsuccessfully defending motion recoverable) (citing *Cabrales*). In fact, district courts within the Ninth Circuit have allowed a prevailing party to recover for at least some efforts made on a Rule 11 sanctions issue even if ultimately unsuccessful. *See Nan Hanks & Associates, Inc. v. Original Footwear Co., Inc.*, 217CV00027TLNKJN, 2018 WL 4007097, at *5 (E.D. Cal. Aug. 17, 2018); *Brandon E. v. Dept. of Educ., State of Hawaii*, CV0700536ACKLEK, 2008 WL 4602533, at *8 (D. Haw. Oct. 16, 2008). "The work, however, must be associated with the relief requested and be reasonably necessary to achieve the results obtained." *Brandon E.*, 2008 WL 4602533, at *8

Although the Court ultimately denied Murphy Land's motion for sanctions, Murphy Land's Rule 11 motion relied on the same set of facts and law as his prevailing motion to dismiss. The Rule 11 motion is therefore not unrelated and does not bar Murphy Land from recovering any fees for hours expended on this motion. As explained below, however, the Court further finds that Murphy Land's counsel spent an excessive number of hours in pursuing sanctions and seeking to dismiss the case.

2. **Hours Reasonably Expended**

The District Court may reduce the total hours included in the lodestar calculation "where documentation of the hours is inadequate ... if the case was overstaffed and hours are duplicated ... [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987.)

MEMORANDUM DECISION AND ORDER - 5

As noted, Murphy Land's counsel spent a total of 119 hours in seeking sanctions and to dismiss this case. Of the 119 hours spent, Murphy Land spent 47 hours on its unsuccessful motion for sanctions, which Murphy Land's counsel acknowledges relied on many of the same research and cases as the motion to dismiss. The Court has thoroughly (line by line) reviewed the invoice Murphy Land provided and, given the overlap in the two motions, and the narrow issue these motions presented, the Court finds the amount of hours expended excessive. The Court therefore finds a small reduction of 10 percent reduction in the overall fees sought is appropriate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (*quoting Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

For these reasons, the Court will grant Murphy Land's request for fees in this matter with a 10 percent reduction, or $27,454.50.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for an Award of Attorneys Fees (Dkt. 23) is GRANTED in part and DENIED in part.

2. The Court hereby awards Murphy Land attorney fees in the amount of $27,454.50.

MEMORANDUM DECISION AND ORDER - 6

DATED: May 31, 2022

                                                       
_____
B. Lynn Winmill
U.S. District Court Judge